IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CORY WILLIAMS,                    :
#159530                          :
    Plaintiff,                  :
                                 :
vs.                              :        CIVIL ACTION 12-592-WS-M
                                 :
TONY PATTERSON, *et al.*,        :
    Defendants.                 :
                        REPORT AND RECOMMENDATION

This § 1983 action, filed by Cory Williams, an Alabama
prison inmate proceeding *pro se*, was referred to the
undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local
Rule 72.2(c)(4), and is now before the Court on Defendants
Christopher Earl and Bennie Ashby's Motion to Dismiss for
*Res Judicata* (Doc. 16) and Plaintiff's Response thereto.
(Doc. 18). For the reasons stated below, it is recommended
that Plaintiff's disciplinary claims be dismissed with
prejudice for lack of subject matter jurisdiction, or, in
the alternative, that Defendants' Motion to Dismiss for *Res
Judicata* be granted and Plaintiff's disciplinary claims be
dismissed with prejudice.

I.   Facts and Proceedings

Defendants state in their Motion to Dismiss for *Res
Judicata* that on May 31, 2011, Plaintiff filed a Petition
for Writ of Certiorari, *Williams v. ADOC,* Case No. CV-2011-
643, in the Circuit Court of Montgomery County, Alabama,

against the Alabama Department of Corrections ("ADOC"), challenging the same two prison disciplinary proceedings against Plaintiff, which are set out in this action. (Doc. 16 at 9). In Plaintiff's first disciplinary charge which occurred on March 23, 2011, he was found guilty for being in "violation of rule #92, aiding and abetting another to commit a violation of institutional rules, i.e., maintaining an active Facebook account containing various pictures from inside the institution." (*Id.* at 25). Officer Bennie Ashby, having found Plaintiff's pictures on Facebook, arrested Plaintiff. Warden Tony Patterson maintained custody of the evidence while he conducted the investigation (*id.* at 41); Sergeant Christopher Earl was the hearing officer for the disciplinary. (*Id.* at 25-27). Plaintiff received a disciplinary sentence of twenty days loss of store, phone and visitation privileges. (*Id.* at 27).

The second disciplinary report indicates that Plaintiff was found guilty on April 19, 2011, of a Rule #64 violation, possession of contraband, a cell phone. (*Id.* at 13-17). Officer Ervin Dailey, who found the cell phone under Plaintiff's pillow, arrested Plaintiff and Sergeant Michael Watson was assigned to conduct the disciplinary hearing. (*Id.*). Plaintiff received a disciplinary

sentence of forty-five days of disciplinary segregation, forty-five days loss of store and phone privileges, and six months loss of visitation privileges. (*Id.* at 15).

In his Petition for Writ of Certiorari filed in Montgomery County Circuit Court against the ADOC, Plaintiff alleged that the ADOC's disciplinary proceedings violated his procedural and substantive due process rights. (Doc. 16 at 10). Specifically, Plaintiff alleged that: 1) his disciplinary conviction for the Rule #92 violation was based on insufficient evidence and procedures lacking in due process (*id.*) and 2) his disciplinary conviction for the Rule #64 violation was based on an officer other than the arresting officer being allowed to sign the disciplinary report and on the guilty finding being based on the officer's testimony with no credibility finding being noted in the disciplinary report. (*Id.* at 11). In response to Plaintiff's Petition, the ADOC filed a Special Report denying any due process violations because Plaintiff did not lose a liberty interest with respect to the two disciplinary convictions. (*Id.* at 35, 36).

The Circuit Court, treating ADOC's Special Report as a motion for summary judgment, granted the Motion finding that Plaintiff was "afforded all the protections as laid out in *Wolff* . . . and that [Plaintiff] only made

assertions and offered no proof to substantiate that a wrong conclusion was reached in either [disciplinary] hearing." (*Id.* at 76).

Plaintiff appealed to the Alabama Court of Criminal Appeals reasserting the same arguments as he asserted in circuit court. (*Id.* at 80). The Court of Criminal Appeals affirmed the circuit court's denial of Plaintiff's Petition for Writ of Certiorari because, as a matter of law, he was not deprived of a constitutionally protected interest. (*Id.* at 81). Then, Plaintiff filed a Petition for Writ of Certiorari to the Alabama Supreme Court. (*Id.* at 83). Plaintiff's Petition was subsequently denied on August 10, 2012, and a certificate of judgment was entered contemporaneously. (*Id.*).

This Court received Plaintiff's § 1983 Complaint on September 17, 2012, which he had signed on September 11, 2012.[1] (Doc. 1). In the present action, Plaintiff names

---

[1] In Plaintiff's § 1983 Complaint, he was asked if he has filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action. (Doc. 1 at 3). Plaintiff responded "no" and listed no other actions. (*Id.*). He then signed his Complaint under penalty of perjury. (*Id.* at 7). The failure to list prior cases is considered sanctionable conduct warranting the dismissal of an action for abuse of process and counting the dismissal as a strike. *Hill v. Bishop,* 2012 WL 1698382, at *2-3 (S.D. Ala. Apr. 12, 2012)(reviewing prisoner cases that were dismissed as a sanction for the plaintiff's failure to list his prior

Warden Tony Patterson, Officer Bennie Ashby, Sergeant Christopher Earl, Officer Ervin Dailey, and Sergeant Michael Watson as Defendants.[2]  Plaintiff asserts the same claims based on the same two disciplinary proceedings that he asserted in his previous Petition for Writ of Certiorari.  Specifically, Plaintiff alleges a "deni[al of] procedural and substantive due process when [Plaintiff] was adjudged guilty of the rule violations where there was no substantive evidence to support the findings. (*Id.* at 9); *see also* (*Id.* at 5-6, 9-10).  Plaintiff similarly alleges that the inmate in the Facebook pictures is actually another inmate (*id.* at 9), and that he was not at his bed when the cell phone was found under his pillow indicating that 113 other inmates also have access to his bed.  (*Id.* at 10).

On December 5, 2012, Plaintiff was granted leave to amend his Complaint to add a retaliation claim alleging, in part, that, "Defendant Patterson has constantly harassed

cases because of the plaintiff's failure was an abuse of process).

[2]    Although Plaintiff names them as defendants, Officers Dailey and Watson were neither listed on the docket sheet nor served. (Docs. 1, 7 at 11, 1-2).  For the reasons set out in this Report and Recommendation, the disciplinary claims are due to be dismissed as to Officers Dailey and Watson also, as Plaintiff's disciplinary claims against them have already been litigated in state court.  The Clerk is hereby directed to amend the docket sheet to reflect Officers Dailey and Watson as Defendants in this action.

plaintiff [sic] through his subordinates, since plaintiff
[sic] initiated the instant complaint in this Court.
Plaintiff submits in the latter part of October 2012, his
locker box was searched by Defendant Dailey, who totally
ransacked plaintiff's [sic] living area under the pretense
of a random search. A few days later[,] plaintiff's [sic]
personal locker box was ransacked again."[3] (Doc. 5 at 1).

On May 9, 2013, Defendants filed a Motion to Dismiss
for *Res Judicata* (Doc. 16) contending that Plaintiff's
present Complaint is barred on the basis of *res judicata*
because Plaintiff's claims were already litigated and
decided adversely to Plaintiff in the Montgomery County
Circuit Court, on appeal to the Alabama Court of Criminal
Appeals, and by the denial of Plaintiff's Petition for Writ
of Certiorari by the Alabama Supreme Court.[4] (*Id.* at 75,
79, 83). Plaintiff filed a Response to Defendants' Motion

---

[3]    Defendant Patterson executed a waiver of service on
July 17, 2013. (Doc. 24). His Answer and Special Report
as to the retaliation claim is due on September 16, 2013.
(See Docket sheet entry for Doc. 24). Defendant Officer
Dailey's Answer and Special Report as to the retaliation
claim will become due 60 days after service. The Clerk is
directed to serve Defendant Officer Daily with Plaintiff's
Amended Complaint. (Doc. 5).
[4]    In Defendants' Motion to Dismiss for *Res Judicata*,
Defendants do not address the retaliation claim raised in
Plaintiff's Amended Complaint. (Doc. 5). As such, only
the disciplinary claims are being addressed in this Report
and Recommendation. The claim for retaliation against
Defendant Patterson and Defendant Officer Dailey will
proceed in this action.

to Dismiss alleging that 1) Defendants did not respond to Plaintiff's retaliation claim, 2) that Defendants' actions were arbitrary and capricious and not based on "some evidence" as required by *Superintendent v. Hill,* 472 U.S. 445 (1985), and 3) that new photographic evidence and Plaintiff's common area defense were not considered by the state court or in conjunction with his retaliation claim. (Doc. 18 at 1-3).

On June 28, 2013, Defendants were ordered to file a reply to Plaintiff's response addressing the retaliation claim. (Doc. 19). On July 12, 2013, Defendants filed their Reply reiterating their stance on Plaintiff's previously litigated disciplinary claims (Doc. 21 at 1-4), and contending that Plaintiff's retaliation claim is due to be dismissed because Plaintiff raised it for the first time in his Response to the Motion to Dismiss[5] and because it fails to meet the heightened pleading standard as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure and the standard adopted by *Twombley* and its progeny. (Doc. 21 at 4-5).

## II. Discussion

---

[5]   Plaintiff actually raised the retaliation claim in his Amended Complaint on December 5, 2012.  (Doc. 5).

Although the parties do not raise jurisdiction as an issue, the Court must first determine whether it has subject matter jurisdiction over Plaintiff's claims. *See Cadet v. Bulger,* 377 F.3d 1173, 1179 (11th Cir. 2004)(citation omitted)(stating that "[f]ederal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").

## A. Subject Matter Jurisdiction

Because Plaintiff is complaining of the same claims he raised in state court, the *Rooker Feldman* doctrine prevents this court from having subject matter jurisdiction over Plaintiff's disciplinary claims as raised in this action. Accordingly, the disciplinary claims should be dismissed for lack of subject matter jurisdiction. *See Broach v. State of Ala.,* 2007 WL 313845 (M.D. Ala. Jan. 30, 2007) (dismissing pursuant to the *Rooker Feldman* doctrine for lack of subject matter jurisdiction, the inmate's § 1983 action challenging the rulings made in state court on his petition for writ of certiorari against ADOC concerning disciplinary proceedings).

"The *Rooker-Feldman*[6] doctrine places limits on the subject matter jurisdiction of federal district courts and

---

[6] The *Rooker-Feldman* doctrine derives its name from two United States Supreme Court decisions, *Rooker v. Fid. Trust*

courts of appeal over certain matters related to previous state court litigation." *Cohen v. World Omni Fin. Corp.,* 254 F. App'x 790, 793 (11th Cir. 2007)(unpublished).[7] The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations. *Id.* "A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id.*

This doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005); *see also Nicholson v. Shafe,* 558 F.3d 1266, 1268 (11th Cir. 2009)(same). It has been described as the "jurisdictional

_____

*Co.,* 263 U.S. 413, (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). *Alvarez v. Attorney Gen. for Fla.,* 679 F.3d 1257, 1262 (11th Cir. 2012).

[7] "Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." *Lanier Const., Inc. v. Carbone Props.,* 253 Fed. App'x 861, 865 n.5 (11th Cir. 2007).

transmutation of *res judicata* doctrine." *Narey v. Dean,* 32
F.3d 1521, 1524 (11th Cir. 1994).

The essence of this doctrine is that a United States
District Court has no authority to review final judgments
of a state court in judicial proceedings. *Id.* The *Rooker-Feldman* doctrine, as opposed to the doctrine of *res
judicata,* asks, "is the federal plaintiff seeking to set
aside a state judgment or does he present some independent
claim, albeit one that denies a legal conclusion that a
state court has reached in a case to which he was a party?"
*Id.* at 1524-25. "If the former, then the district court
lacks jurisdiction; if the latter, then there is
jurisdiction and state law determines whether the defendant
prevails under principles of preclusion." *Id.*

The rule barring federal jurisdiction requires that
"(1) the party against whom the doctrine is invoked must
have actually been a party to the prior state-court
judgment or have been in privity with such a party; (2) the
claim raised in the federal suit must have been actually
raised or inextricably intertwined with the state-court
judgment; and (3) the federal claim must not be parallel to

the state-court claim." *Lance v. Dennis,* 546 U.S. 459, 462 (2006)(citation omitted).[8]

The first requirement is satisfied on the ground that Plaintiff was the actual party in the initial Petition for Writ of Certiorari (doc. 16 at 9) and is likewise the party Plaintiff in the present action. (Doc. 1 at 5). The second requirement is also satisfied in that the disciplinary claims raised before this Court are the same claims raised as those raised in his state-court petition,

---

[8] Prior to *Exxon, supra* p. 9*,* the Eleventh Circuit applied a four-factor test to guide the application of the *Rooker-Feldman* doctrine, finding that it bars jurisdiction where: "(1) the party in federal court is the same as the party in state court (citation omitted); (2) the prior state court ruling was a final or conclusive judgment on the merits (citation omitted); (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding (citation omitted); and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment (citation omitted)." *Amos v. Glynn Cnty. Bd. of Tax Assessors,* 347 F.3d 1249, 1266 n. 11 (11th Cir. 2003).

Since *Exxon,* the Eleventh Circuit has applied the *Amos* test only in unpublished decisions. *See Nicholson v. Shafe,* 558 F.3d 1266, 1272-73 (11th Cir. 2009). As a result, *Exxon* casts doubt on the continued viability of the *Amos* test. *Id.* at 1274 (*citing U.S. v. Mendez,* 528 F.3d 811, 817 n. 3 (11th Cir. 2008)(holding that when in conflict with a subsequent Supreme Court decision, the prior panel decision must be abandoned); *see also Cormier v. Horkan,* 397 F.App'x 550 (11th Cir. 2010)("due to the Supreme Court's cautionary statement in *Exxon Mobil, . . .* we have since declined to adhere to the *Amos* test"). Thus, rather than applying *Amos* to Plaintiff's disciplinary claims, we will apply the *Rooker-Feldman* doctrine as interpreted by *Exxon. Exxon,* 544 U.S. 280, 284.

or are otherwise inextricably intertwined with the state-court judgments because they are based on the same disciplinary proceedings, involve the same officers, and raise the same claims overall.

Lastly, the third requirement is met due to Plaintiff's exhaustion of his state-court remedies *before* filing the present action. On August 10, 2012, Plaintiff was denied certiorari by the Alabama Supreme Court thereby concluding his access to any further state-court proceedings. (Doc. 16 at 83). On or around September 11, 2012, Plaintiff filed the present § 1983 action, nearly a month after the state-court proceedings were concluded. (Doc. 1 at 7). Thus, the two actions could not be parallel to one another. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 291 (2005); *Nicholson v. Shafe,* 558 F.3d 1266, 1279 (11th Cir. 2009)(requiring that state-court proceedings be completed before the *Rooker-Feldman* doctrine can be applied); *see also Mitchell v. Bentley,* 2012 WL 2862265, *6 (S.D. Ala. April 20, 2012) (Milling, J.)(concluding that there is no parallel state-court claim where the federal case was filed by plaintiff after the Alabama Supreme Court reaffirmed the lower courts' decision on appeal).

Plaintiff asks this Court to review and reject the judgments of Alabama's circuit and appellate courts that were entered prior to the filing of this § 1983 action in this Court. Thus, Plaintiff's disciplinary claims are the type of claims that the *Rooker-Feldman* doctrine seeks to preclude from federal court review.

Reviewing the record, this Court concludes that the *Rooker-Feldman* doctrine is applicable to bar Plaintiff from proceeding before this Court for lack of subject matter jurisdiction, as this case is an attempt by Plaintiff to have his adverse state-court judgments overturned by this Court. *See Broach v. Alabama,* 2007 WL 313845 (M.D. Ala. Jan. 30, 2007)(stating that a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court, thus dismissing the inmate's § 1983 action challenging the rulings made in state court in his petition for writ of certiorari against ADOC concerning disciplinary proceedings pursuant to *Rooker-Feldman* for lack of jurisdiction)(citation omitted). Thus, this Court concludes that, under the *Rooker-Feldman* doctrine, subject matter jurisdiction does not exist in this Court for Plaintiff's previously litigated state court claims and the disciplinary due process claims are due to be dismissed for this reason.

B. Motion to Dismiss for *Res Judicata*

In the event that it is determined that this Court has subject matter jurisdiction over Plaintiff's disciplinary claims, these claims are due to be dismissed on the alternate ground that they are barred by *res judicata.*

Defendants filed a Motion to Dismiss for *Res Judicata.* (Doc. 16). On a motion to dismiss, a court is required to accept all factual allegations in the complaint as true and to consider the inferences derived from those facts in the light most favorable to the plaintiff. *Starship Enters. Of Atlanta, Inc. v. Coweta Cnty., Ga.,* 708 F.3d 1243, (11th Cir. 2013). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)(quotation marks omitted). A statement consisting of "labels and conclusions and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 1965. More than the "unadorned, the-defendant-unlawfully-harmed-me" is required. A*shcroft*

*v. Iqbal,* 556 U.S. 662, 667 (2009)(quotation marks omitted).

Defendants assert that *res judicata* precludes the disciplinary claims from proceeding in this Court. "*Res judicata* is a judicially crafted doctrine, created to provide finality and conserve resources." *Polk v. Sears, Roebuck, and Co.,* 2012 WL 1640708, at *3 (S.D. Ala. May 8, 2012)(Steele, J.) (*citing Maldonado v. U.S. Atty. Gen.,* 664 F.3d 1369, 1375 (11th Cir. 2011)). "The doctrine facilitates the conclusive resolution of disputes by reducing the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Shurick v. Boeing Co.,* 623 F.3d 1114,1116 (11th Cir. 2010)(citation and quotation marks omitted). Furthermore, under 28 U.S.C. § 1738, federal courts are required to "give the same full faith and credit as that judgment would receive under the law of the state in which the judgment was rendered. *Exxon Mobil Corp.* 544 U.S. at 293 (2005). "When considering whether to give *res judicata* effect to a state court judgment, we must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation." *Mykins v. Ala. Dep't of Human Res.,* 2012 WL 6213300, at *1

(S.D. Ala. Dec. 12, 2012)(Steele, J.)(*quoting Green v.*
*Jefferson Cnty. Comm'n,* 563 F.3d 1243, 1252 (11th Cir.
2009)(unpublished). Alabama's *res judicata* principles thus
govern this action.

"Under Alabama law, the essential elements of *res*
*judicata* are (1) a prior judgment on the merits, (2)
rendered by a court of competent jurisdiction, (3) with
substantial identity of the parties, and (4) with the same
cause of action presented in both actions." *Mykins* at *2
(*quoting Green* at 1252). When all four elements are
satisfied, "any claim that was, or could have been,
adjudicated in the prior action is barred from future
litigation." *Id.; see also Chapman Nursing Home, Inc. v.*
*McDonald*, 985 So.2d 914, 919 (Ala. 2007)(*quoting Equity*
*Res. Mgmt., Inc. v. Vinson,* 723 So.2d 634, 636 (Ala. 1998).
The Court will address each of the four elements separately
as they apply to the original petition and present action.

1. Judgment On The Merits

In order to apply *res judicata*, a judgment on the merits
must have been previously entered. "[S]ummary judgment
operates as an adjudication on the merits of a claim," and
is a final judgment from which an appeal can be taken.
*Bean v. Craig,* 557 So.2d 1249, 1253 (Ala. 1990)(citation
omitted).

In its order granting the defendant's motion for summary judgment, the Montgomery County Circuit Court found that Plaintiff did not lose any good time from either disciplinary proceeding and thus did not lose a liberty interest that would implicate due process. (Doc. 16 at 75). The Alabama Court of Criminal Appeals affirmed the Montgomery County Circuit Court's judgment. (Doc. 16 at 82). Plaintiff then filed a Petition for Writ of Certiorari with the Alabama Supreme Court, which was denied. (*Id.* at 83). Considering Plaintiff's state court claims and their litigation history, the Court finds a final judgment on the merits was entered in state court on Plaintiff's claims.

2. Court of Competent Jurisdiction

Plaintiff filed a Petition for Writ of Certiorari in Montgomery County Circuit Court challenging his two disciplinary convictions. Filing the Petition for Writ of Certiorari is the proper means to challenge his disciplinary convictions in state court. *See State Pers. Bd. v. State Dep't of Mental Health & Mental Retardation,* 694 So.2d 1367, 1371 (Ala. Civ. App. 1996)("Alabama law is clear that, in the absence of a right of appeal, a party seeking review of a ruling by an administrative agency may petition the circuit court for a common law writ of

certiorari") *accord Ex parte Boykin,* 862 So.2d 587 (Ala.
2002)(holding that ADOC's denial of inmate's request to
earn [incentive good time] was correctly labeled as a
petition for writ of certiorari and should not have been
treated as a habeas corpus petition because he had no
statutory right to judicial review).

Furthermore, filing the petition with the Circuit
Court in Montgomery County was also proper. *See* Ala. Code
§ 6-3-9 (1975)("All actions where the prison system or the
state on account of the prison system is interested must be
commenced in Montgomery County in any court having
jurisdiction of the amount involved . . . .")  Accordingly,
Montgomery County Circuit Court was a court of competent
jurisdiction to adjudicate Plaintiff's Petition for Writ of
Certiorari.

3.  Substantial Identity of the Parties

"Axiomatically, *res judicata* operate[s] only between
parties (and their respective privies) who or which have
already opposed each other in at least one claim that has
been litigated to a judgment." *Thompson v. SouthTrust
Bank*, 961 So.2d 876, 883 (Ala. Civ. App. 2007).  "Privity
is often deemed . . . to arise from . . . an identity of
interest in the subject matter of litigation. . . . [and]
has generally been resolved on an ad hoc basis in which the

circumstances determine whether a person should be bound by or entitled to the benefits of a judgment." *Stewart v. Brinley,* 902 So.2d 1, 10-11 (Ala. 2004)(citations and quotation marks omitted).  The *res judicata* privity requirement can "bar a plaintiff from prosecuting a lawsuit against an employee when [that] plaintiff already has suffered an adverse judgment on the merits in an action against the employer [based on the employee's acts], provided that the prior judgment for the employer was not based on grounds personal to the employer." *Thompson,* 961 So.2d at 885.

In the state-court petition, the Alabama Department of Corrections was the sole respondent and was sued for the actions of its employees, the federal Defendants.  The federal Defendants[9] are being sued for their involvement in the same disciplinary proceedings Plaintiff complained of in his state-court petition.  Thus, the federal Defendants have a substantial identity of interest with their

---

[9]    Warden Tony Patterson is a named Defendant in the federal action on the allegation that he approved the disciplinaries against Plaintiff; however, the record does not support this allegation. (*See* Doc. 16 at 15, 27 where disciplinary reports were signed and approved by another individual).  Defendant Patterson had no involvement in the disciplinary proceedings other than conducting the initial investigation and maintaining custody of the Facebook photographic evidence once it was discovered by the arresting officer.  (Doc. 16 at 41).

employer, ADOC, with respect to the claims brought against ADOC in state-court. *See Johnson v. Brown,* 2012 WL 6846322 at *9 (M.D. Ala. Dec. 3, 2012)(holding that the prison officer sued in the § 1983 action in federal court was an identity of interest with the Alabama Department of Corrections, which was the respondent to the petition for writ of certiorari and thus, may take advantage of the previous adjudication by the state courts in favor of ADOC).

### 4. Same Cause of Action

Regarding the requirement that the causes of action be the same, when comparing causes of action, the test "is whether the primary right and duty or wrong are the same in each action. . . . *Res Judicata* applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts." *Chapman Nursing Home, Inc. v. McDonald,* 985 So.2d 914, 921 (Ala. 2007)(citations and quotation marks omitted). Consequently, two actions are the same when the same evidence is applicable in both cases. *Id.*

In his federal case and state case, Plaintiff alleges that his right to due process was violated in the identical disciplinary proceedings. Plaintiff's claims in federal

court arise out of the same nucleus of operative facts that his claims were based in state court. In fact, he complains of identical actions taken by federal Defendants in both federal and state actions. Furthermore, the evidence[10] used to litigate the state-court petition would also be used by Plaintiff in his federal action to prove his claims. Thus, the Court concludes that, for *res judicata* purposes, Plaintiff's federal § 1983 action is the same cause of action Plaintiff brought in state court.[11] Considering the foregoing reasons, the Court finds that Plaintiff's § 1983 disciplinary claims are due to be dismissed with prejudice on the alternate basis of *res judicata.*

### III. Conclusion

Based on the foregoing, it is recommended that Plaintiff's due process claims against Defendants Patterson, Ashby, Earl, Dailey and Watson be dismissed with prejudice for lack of subject matter jurisdiction, or, in

---

[10]    The evidence consists of disciplinary reports for each violation (Doc. 16 at 13-17, 25-27) and the arresting officers' and hearing officers' sworn affidavits regarding the hearings. (*Id.* at 41-48).

[11]    Having discussed two reasons that preclude the disciplinary claims from proceeding in this action, the Court is forgoing a discussion of the dismissal of this action under *Sandin v. Conner,* 515 U.S. 472, 480-88 (1995)(holding that time spent in segregation or loss of privileges does not amount to a liberty interest protected by the Due Process Clause).

the alternative, that Defendants' Motion to Dismiss for *Res Judicata* should be granted and Plaintiff's due process claims be dismissed with prejudice, leaving only the retaliation claim against Defendant Patterson and Defendant Officer Dailey to proceed in this action.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 14th day of August, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE